**Pantaleon Florez, Jr.**, #10889
933 S. Kansas Ave.
Topeka, KS  66612-1210
(785) 234-6699 (785) 234-6650
florezlaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM VORMAWOR,
   Plaintiff,

vs.              Case No. _____

KALMAR SOLUTIONS, LLC a/k/a
KALMAR
   Defendant.

**COMPLAINT**
**JURY TRIAL DEMANDED**

**INTRODUCTION**

1.  This action for monetary, declaratory, equitable and other appropriate relief is brought by the Plaintiff, Adam Vormawor, to redress violation of rights secured by the United States Constitution and laws of the United States of America and the State of Kansas by the Defendant.

2.  This action arises under the Civil Rights Act of 1964, as amended(1991), 42U.S.C. §2000e, *et seq.* (hereinafter Title VII); 42 U.S.C. §1981, as amended and The Kansas Act Against Discrimination K.S.A. 44-1001 *et. seq.* (hereinafter the Kansas Act).

**JURISDICTION AND VENUE**

3.  This court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(3) to redress the violations Plaintiff's right to make and enforce contracts and to full and equal benefits of all laws as enjoyed by white

1

Americans.  Jurisdiction over Plaintiff's claims arising under state law exists by virtue of this Courts supplemental jurisdiction pursuant to **28 U.S.C. §1367** .

4.  Plaintiff timely filed a charge of discrimination in writing, with the Equal Employment Opportunity Commission and the Kansas Human Rights Commission and received a "Right to Sue" letter dated November 23, 2020.  This action is brought within the ninety (90) day statutory period for filing.  A copy of the notice of "right to sue" is attached hereto.

5.  Defendant is an employer within the meaning of Title VII and has or had more than 300  employees in each of 20 or more calendar weeks in the current or preceding year.

6.  The unlawful practices and actions alleged below were committed within the state of Kansas and venue is properly laid in this Court by virtue of 28 U.S.C. § 1391(b).

**PARTIES**

7.  Plaintiff Adam Vormawor, is a naturalized  citizen of the United States of America  of Ghana origin and ancestry and a member of the African race currently residing at Lawrence, Kansas.

8.  Defendant  Kalmar Solutions LLC, is a corporation incorporated under the law of the State of Texas  and is doing business in Kansas and is known as Kalmar.  Defendant is responsible for the unlawful acts complained of herein.

**FACTUAL ALLEGATIONS**

9.  Plaintiff began his employment with Defendant on September 27, 2010 and last held the position of a Assembly Line Worker.

10. Beginning in 2017, Plaintiff was subjected to a hostile work environment in violation of Title VII in the form of verbal harassment, derogatory remarks, bullying and other forms of disparagement because of his color, national origin and ancestry. The conduct was so severe or pervasive that it created a work environment that a reasonable person would consider intimidating, hostile, or abusive.

11. Plaintiff was subjected to a barrage of verbal assaults directly related to his physical characteristics of dark skin color, and it was often said that he could only be seen by the white color of his teeth by his co-workers both in and out of the presence of supervision. His ancestry and national origin was disparaged by offensive references to the smell of the food that he prepared for lunch heating in the microwave oven (stinking and smelling like "shit") and singing African rhythms during lunch.

12. Plaintiff made several complaints to management level employees of defendant but no corrective action was taken to eliminate the hostile work environment.

13. Additionally, Plaintiff was subjected to disparate treatment in the terms and conditions of his employment such that his right to make and enforce his contract right to employment was denied him because of his color as compared to a white citizen.

14. Plaintiff further contends he was been discriminated against in at least the following areas, failure by the Human Resources office to follow the company personnel policies and strict enforcement of policies when they work to Plaintiff's detriment. Additionally, the companies work policies, discipline policy and safety policies were applied to Plaintiff in a disparate manner as compared to similarly situated white employees of the Defendant.

15. Plaintiff contends Defendant's efforts were designed to force Plaintiff to quit his employment or were used as pretexts to terminate employment.

16. On February 11, 2019, Plaintiff was placed on suspension for a Work Rule violation of alleged threats against a co-worker who was complaints of a foul odor coming Plaintiff's lunch.

17. On February 13, 2019, Plaintiff was terminated for the stated reason that he violated a Work Rule on February 11, 2019. White employees of Defendant are allowed to violate similar work Work Rules for which Plaintiff was terminated and are not terminated from their employment.

18. Plaintiff contends that the stated reason for his termination is a pretext for unlawful discrimination in violation of the Title VII and 42 U.S.C. §1981.

19. Plaintiff has been subjected to acts of retaliation including his suspension and termination for opposing Defendant's unlawful discriminatory practices.

20. Plaintiff has therefore instituted this action to obtain appropriate relief as provided under all applicable Federal and State statutes.

21. As a result of these unlawful discriminatory acts, Plaintiff has sustained serious losses, including loss of pay and future pecuniary losses, lost benefits and has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, ridicule and other nonpecuniary losses as a direct result of the discriminatory conduct of the Defendant.

22. Plaintiff alleges that the unlawful employment policies and practices as charged in this Complaint were committed by the Defendants with malice or with reckless indifference to the federally protected individual rights of Plaintiff and constitute

willful, and intentional discrimination against him because of his color, ancestry, origin or in retaliation for having complained of discriminatory treatment in his employment.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this Court:

a.  Enjoin the Defendant, Kalmar, and its officers, agents, successors, employees, attorneys, and other representatives, and those acting in concert with and at its discretion from continuing or maintaining any policy or practices, specifically including those herein alleged which discriminate or have the effect of discriminating or which deprive or tend to deprive an individual or employment opportunities because of color, ancestry, origin or in retaliation for engaging in protected activity in violation of Title VII of the 1964 Civil Rights Act, as amended(1991), 42 U.S.C. § 2000e *et. seq*.

b.  Order Defendant Kalmar, to institute and carry out whatever policies, practices and affirmative actions are necessary to eradicate the effects of its past and present unlawful practices and discrimination.

c.  Order the Defendant to make whole the Plaintiff, adversely affected by the practices herein above described by paying restitution in the form of back pay, with interest at the legal rate, and compensatory damages for future pecuniary losses and other monetary damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

d.  Order the Defendant to reinstate the Plaintiff to his former position as an Assembly Line Worker, with Defendant or in the alternative award Plaintiff front pay for five (5) years.

e.  Retain jurisdiction over this action to assure full compliance by the Defendant with the Court's decree entered in this action and the provisions of Title VII.

f.  Order the Defendant to compensate Plaintiff for actual and compensatory damages sustained in an amount in excess of Two Hundred Thousand Dollars ($200,000) as a direct result of Defendant's discriminatory conduct.

g.  Due to the Defendant's having engaged in discriminatory practices with malice or with reckless indifference to the federally protected individual rights of Plaintiff and willful, and intentional discrimination against him, award Plaintiff punitive damages in the amount in excess of Two Hundred Thousand Dollars ($200,000).

h.  Award Plaintiff the costs of this action plus reasonable attorney's fees.

i.  Grant such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/Pantaleon Florez, Jr.
Pantaleon Florez, Jr., #10889
933 S. Kansas Avenue
Topeka, Kansas  66612-1210
(785) 234-6699
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff  demands trial by a jury of twelve (12) individuals in this matter, to the extent allowed by law.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, and designates Kansas City, Kansas as the place for trial in the above matter.

Respectfully submitted,

/s/Pantaleon FLorez, Jr.
Pantaleon Florez, Jr., #10889
Attorney for Plaintiff

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Adam Vormawor<br>2512 Crestline Cir.<br>Lawrence, KS 66047 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28D-2019-00452 | Joseph J. Wilson,<br>State & Local Program Manager | (314) 798-1930 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Joseph Wilson *(Digitally signed by Joseph Wilson, DN: cn=Joseph Wilson, o=Equal Employment Opportunity Commission, ou=St. Louis District Office, email=joseph.wilson@eeoc.gov, c=US Date: 2020.11.23 08:07:21 -06'00')*

November 23, 2020

Enclosures(s)

Lloyd J. Vasquez, Jr.,
District Director

(Date Mailed)

cc:
KALMAR
c/o Kyle Russell
JACKSON LEWIS P.C.
7101 College Blvd Suite 1200
Overland Park, KS 66210

Pantaleon Florez
FLOREZ LAW OFFICE
933 S. Kansas Avenue
Topeka, KS 66612